UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE CARLIN MELCHER,<br><br>    Appellant,<br><br>v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy,<br><br>    Appellee. | Case Nos. C-13-05259, 13-01665-RMW, 13-03766, 14-00749, 14-00872, 14-01299, 14-01382<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Debtor Jacqueline Carlin Melcher seeks reconsideration of the court's September 30, 2014 order dismissing with prejudice Ms. Melcher's seven bankruptcy appeals.[1] *See* Case No. 13-cv-5259, Dkt. Nos. 12, 10. The court dismissed Ms. Melcher's appeals for failure to prosecute, finding that she had: (1) taken no action in the appeals, the most recent of which had been pending for six months with no action; (2) repeatedly failed to comply with various Local Rules governing the filing of motions with the court; (3) previously had ten prior appeals dismissed by this court for failure to prosecute; and (4) "consistently abused the filing requirements of this court and [had] been previously warned that failing to abide by the rules of this court and failure to prosecute her appeals [would] result in the dismissal of her appeals." *See* Dkt. No. 10, at 1–2.

---

[1] *See* Case Nos. 13-cv-01665, 13-cv-03766, 13-cv-05259, 14-cv-00749, 14-cv-00872, 14-cv-01299, and 14-cv-01382.

ORDER DENYING MOTION FOR RECONSIDERATION
EDB

- 1 -

1     Ms. Melcher moves for reconsideration of the court's prior order dismissing her bankruptcy

2 appeals. *See* Dkt. No. 12. As the court's dismissal of Ms. Melcher's appeals was with prejudice, and

3 the case was subsequently closed, the court construes Ms. Melcher's motion as a motion for relief

4 from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b). "The

5 useful purpose of the principle of finality of judgments requires that the Court scrutinize closely [a]

6 motion for relief and the grounds upon which it is based. If judgments are vacated on tenuous and

7 insignificant grounds they will lack finality and there will be no end to litigation. *Geigel v. Sea Land

8 Serv., Inc*, 44 F.R.D. 1, 2 (D.P.R. 1968). Because Rule 60(b) relief is such an extraordinary remedy,

9 it is granted only in exceptional circumstances. *See ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d

10 735, 754 (10th Cir. 2011).

11    Ms. Melcher's motion appears to seek relief from the court's prior order dismissing her

12 appeals on the basis of mistake, alleging that the bankruptcy clerk failed to transmit to this court

13 documents related to Ms. Melcher's appeals. *See* Fed. R. Civ. P. 60(b) (a court may relieve a party

14 from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable

15 neglect."). Federal Rule of Bankruptcy Procedure 8005(b) provides that upon receipt of an

16 appellant's election to have an appeal heard by the District Court instead of the Bankruptcy

17 Appellate Panel, "the bankruptcy clerk must transmit to the district clerk all documents related to

18 the appeal." Fed. R. Bankr. P. 8005(b). In her motion, Ms. Melcher argues that "[m]any of the

19 designated documents on appeal were never transferred to the District Court as revealed by the [sic]

20 Angela Wong in October 2014." Dkt. No. 12, at 1. The court understands Ms. Melcher's motion to

21 seek relief from the court's prior order on this basis.

22    However, the mistake identified by Ms. Melcher does not provide a basis upon which the

23 court might grant her relief under Rule 60(b). Assuming Ms. Melcher's allegations that the

24 bankruptcy clerk failed to transfer to this court "many" documents related to her appeals, she fails to

25 link this mistake with the court's order dismissing her appeals. The court dismissed Ms. Melcher's

26 appeals based on her failure to prosecute, failure to comply with the Local Rules, and history of

27 abusing the court's filing requirements and procedures despite the court's warnings. *See* Dkt. No.

28 10, at 1–2. The court did not rule on the merits of her appeals, but rather dismissed the case on

1  account of Ms. Melcher's repeated failure to comply with the applicable procedural rules and the

2  court's directives. Put another way, even had all of Ms. Melcher's documents been transferred to

3  this court, the court would still have found that Ms. Melcher failed to prosecute the case.

4       Accordingly, the court denies Ms. Melcher's motion for relief from the court's prior order

5  dismissing her appeals.

Dated: November 13, 2014



RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION
EDB
- 3 -